**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

CHARLOTTE NEWMAN,

                    Plaintiff,

          - against -

AMAZON.COM, INC., AMAZON WEB
SERVICES, INC., ANDRES MAZ, STEVEN
BLOCK, and SHANNON KELLOGG, in
their individual and professional capacities,

                  Defendants.

Case No. 1:21-cv-00531 (DLF)

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR**
**MOTION TO PARTIALLY DISMISS THE COMPLAINT**

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT........................................................................................1

FACTUAL AND PROCEDURAL BACKGROUND.............................................................3

LEGAL STANDARD..................................................................................................6

ARGUMENT.............................................................................................................7

    A.    PLAINTIFF'S SECTION 1981 AND DCHRA CLAIMS BASED ON HER
HIRE AS A LEVEL 6 MANAGER ARE TIME-BARRED. ...........................................7

    B.    PLAINTIFF HAS NOT ADEQUATELY PLEADED AN EQUAL PAY CLAIM
UNDER THE EQUAL PAY ACT, SECTION 1981, OR THE DCHRA. ......................10

    C.    PLAINTIFF'S SECTION 1981 CLAIM FAILS FOR THE INDEPENDENT
REASON THAT SHE HAS NOT ALLEGED THAT BUT-FOR HER RACE,
SHE WOULD NOT HAVE SUFFERED DISCRIMINATION......................................13

CONCLUSION.........................................................................................................15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Adetoro v. King Abdullah Acad.*,
  2020 WL 7122858 (D.D.C. Dec. 4, 2020) ......................................................................... 14

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................. 6, 7, 10

*Battle v. Master Sec. Co., LLC*,
  298 F. Supp. 3d 250 (D.D.C. 2018)................................................................................... 12

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .......................................................................................................... 10

*Betz v. First Credit Servs., Inc.*,
  139 F. Supp. 3d 451 (D.D.C. 2015)................................................................................. 2, 7

*Blake v. Bronx Lebanon Hosp. Ctr.*,
  2003 WL 21910867 (S.D.N.Y. Aug. 11, 2003).................................................................... 9

*Chisolm v. 7-Eleven, Inc.*,
  383 F. Supp. 3d 1032 (S.D. Cal. 2019) .............................................................................. 9

*City of Hialeah, Fla. v. Rojas*,
  311 F.3d 1096 (11th Cir. 2002)........................................................................................... 9

*Comcast Corp. v. Nat'l. Assn. of Afr. Am. Owned Media*,
  140 S. Ct. 1009 (2020) ......................................................................................... 11, 14, 15

*Durand v. Excelsior Care Grp. LLC*,
  2020 WL 7246437 (E.D.N.Y. Dec. 9, 2020)...................................................................... 13

*E.E.O.C. v. Port Auth. of New York & New Jersey*,
  768 F.3d 247 (2d Cir. 2014) .............................................................................................. 12

*George Washington Univ. v. Violand*,
  940 A.2d 965 (D.C. 2008)................................................................................................. 11

*Greer v. Bd. of Trs. of Univ. of D.C.*,
  113 F. Supp. 3d 297 (D.D.C. 2015)................................................................................... 12

*Harris v. Allstate Ins. Co.*,
  300 F.3d 1183 (10th Cir. 2002)......................................................................................... 10

*Hawley v. Blackboard, Inc.*,
  2005 WL 513496 (D.D.C. Mar. 3, 2005) ........................................................................... 11

*Ikedilo v. Statter*,
    2020 WL 5849049 (S.D.N.Y. Sept. 30, 2020) ................................................................ 14

*Jones v. R.R. Donnelley & Sons Co.*,
    541 U.S. 369 (2004) ............................................................................................................ 7

*Kargbo v. Nat'l R.R. Passenger Corp.*,
    243 F. Supp. 3d 6 (D.D.C. 2017) ........................................................................................ 7

*Kornegay v. Burlington Indus., Inc.*,
    803 F.2d 787 (4th Cir. 1986) ............................................................................................ 10

*Lewis v. Bayh*,
    577 F. Supp. 2d 47 (D.D.C. 2008) ..................................................................................... 7

*McCarron v. British Telecom*,
    2002 WL 1832843 (E.D. Pa. Aug. 7, 2002) ...................................................................... 9

*McNair v. D.C.*,
    213 F. Supp. 3d 81 (D.D.C. 2016) ................................................................................... 12

*Mizell v. SunTrust Bank*,
    26 F. Supp. 3d 80 (D.D.C. 2014) ....................................................................................... 7

*Nahum v. Spear*,
    2021 WL 1158854 (W.D. Wash. Mar. 26, 2021) ............................................................ 14

*Nat'l R.R. Passenger Corp. v. Morgan*,
    536 U.S. 101 (2002) ............................................................................................................ 8

*Nurriddin v. Goldin*,
    382 F. Supp. 2d 79 (D.D.C. 2005) ..................................................................................... 8

*Patterson v. Johnson*,
    391 F. Supp. 2d 140 (D.D.C. 2005) ................................................................................... 9

*Perez v. D.C. Dept. of Emp. Servs.*,
    305 F. Supp. 3d 51 (D.D.C. 2018) ................................................................................... 10

*Powell v. Am. Red Cross*,
    518 F. Supp. 2d 24 (D.D.C. 2007) ..................................................................................... 9

*Rivers v. Montgomery*,
    842 F. Supp. 1 (D.D.C. 1993) ............................................................................................ 8

*Sai v. Dep't of Homeland Sec.*,
    99 F. Supp. 3d 50 (D.D.C. 2015) ..................................................................................... 15

*Scott v. J.P. Morgan Chase & Co.*,
    296 F. Supp. 3d 98 (D.D.C. 2017) ................................................................................. 4, 5

*Slate v. Pub. Def. Serv. for the D.C.*,
    31 F. Supp. 3d 277 (D.D.C. 2014)........................................................................................8

*Tademe v. Saint Cloud State Univ.*,
    328 F.3d 982 (8th Cir. 2003)..............................................................................................9

*Turner v. Copart, Inc.*,
    744 F. App'x 836-37 (4th Cir. 2018)................................................................................11

*Wang v. Gov't Empls. Co.*,
    2016 WL 11469653 (E.D.N.Y. Mar. 31, 2016)................................................................13

*Weinreb v. Xerox Bus. Servs., LLC Health & Welfare Plan*,
    323 F. Supp. 3d 501 (S.D.N.Y. 2018)..............................................................................11

*Whitaker v. City of Hopewell, Virginia*,
    2020 WL 7246593 (E.D. Va. Dec. 9, 2020)......................................................................14

**Statutes**

42 U.S.C. § 1981.....................................................................................................................*passim*

D.C. Code § 2-1403.16............................................................................................................*passim*

**Rules**

Fed. R. Civ. P. 12(b)(6)...............................................................................................................2, 6

## <u>PRELIMINARY STATEMENT</u>

Plaintiff Charlotte Newman ("Plaintiff") joined Amazon over four years ago and swiftly rose through its ranks.  In November 2016, she accepted a Level 6 role as Public Policy Manager on the Public Policy team supporting Amazon Web Services (AWS).  Although she now claims Amazon should have hired her into a Level 7 role, she undeniably lacked the ten years of experience that the job posting specified the Level 7 role required.  She also lacked other experience that the job posting said was important, like experience in the financial services or information technology sectors.  But Amazon was drawn to Plaintiff's experience, which included three years working on Capitol Hill.  So Amazon did not simply reject her because she lacked core requirements for the Level 7 position.  It instead interviewed Plaintiff and ultimately redesigned the position for her, changing it to a Level 6 position to be able to hire her for the role.  Plaintiff performed well and earned new responsibilities, including international public policy issues.  As she gained experience in a broadening role, Amazon promoted her.  In mid-2019, she started a Level 7 role as Head of Public Policy Americas, with responsibility over public policy issues throughout North, Central, and South America – and compensation that increased accordingly.  She continued to thrive, and in late 2020, applied for and secured the position she holds now, Head of Underrepresented Founder Startup Business Development in AWS.  Until Summer and Fall 2020, Plaintiff voiced no concerns along any of the lines now alleged in the Complaint.

Despite her years of increasing opportunities and advancement at Amazon, Plaintiff now claims that Amazon discriminated against her because she is an African-American woman.  But Plaintiff fails to allege any facts to back up that incendiary allegation.  Nothing in the Complaint suggests that Amazon chose not to offer her a higher level starting position – or ever took any

adverse action against her – because of her race or gender.  Plaintiff cannot allege such facts because the complained-of decisions rested solely on her lack of qualifications and experience at the time.

As the Complaint acknowledges, Amazon has firmly committed itself to diversity, equity, and inclusion.  It fights to eliminate bias and discrimination and to increase diversity, equity, and inclusion at all levels of its business.  That is the Company that Plaintiff joined and where she has flourished for over four years and not the company that she tries to mis-portray in her lawsuit.  Relying solely on conclusory, sensationalized, and often irrelevant allegations, the Complaint provides no factual support for the notion that, *but for* her race or gender, Plaintiff would have been hired or compensated at a higher level, promoted earlier, or experienced any other sort of more favorable treatment.

Defendants Amazon.com Inc., Amazon Web Services, Inc. ("AWS") (Amazon.com Inc. and AWS collectively, "Amazon" or the "Company"), Steven Block, and Shannon Kellogg (collectively, "Defendants") are confident that all of Plaintiff's claims will fail on the merits.  However, at this procedural juncture, Defendants respectfully move under Fed. R. Civ. P. 12(b)(6), for an order dismissing certain of Plaintiff's claims under 42 U.S.C. § 1981 ("Section 1981"), the Equal Pay Act, and the D.C. Human Rights Act, D.C. Code § 2-1403.16 ("DCHRA").  Those claims warrant dismissal now for two reasons:

*First*, Plaintiff's claims based on her hire as a Level 6 employee are time-barred under Section 1981 and the DCHRA.  Plaintiff received her job offer, and took up the position, over four years before she filed suit.  But the limitations periods for these claims are three years and one year, respectively—making both claims untimely.

*Second*, Plaintiff's unequal pay claims under the Equal Pay Act and the DCHRA, and all her claims under Section 1981, warrant dismissal for the independent reason that she fails adequately to plead them.  She identifies no comparators who allegedly received better wages than Plaintiff for similar work.  And she fails to plausibly plead that race was the "but-for" cause of any allegedly adverse action by Defendants.  For this reason, too, dismissal is proper.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

Amazon is committed to fighting against systemic racism and injustice.  Compl. ¶ 13. Toward that end, Amazon and its leaders are resolute in their support for the Black community and have called for an end to the inequitable and brutal treatment of Black people in our country. *Id.*  In addition to speaking out about its support of the Black community, Amazon has taken affirmative steps to ensure its Black and female employees are treated fairly.  Compl. ¶ 35.  As Plaintiff acknowledges, in 2019, women earned 99.3 cents for every dollar that men earned for performing the same jobs, and minorities earned 99.1 cents for every dollar that white employees earned for performing the same jobs.  Compl. ¶ 35.  In 2020, those statistics have only improved, and women now earn 100.0 cents for every dollar that men earn performing the same jobs and minorities earn 99.2 cents for every dollar that whites earn performing the same jobs.[2]  Amazon and its leaders "continue to be active participants in dismantling systemic racism, oppression and

---

[1] For purposes of this motion only, Defendants rely, as they must, on the factual allegations in the Complaint ("Compl.").  Defendants deny the allegations that they discriminated against Plaintiff and aver that, should this case proceed to discovery, the facts will paint a very different picture than the one sensationalized by Plaintiff's counsel in the Complaint and will show that Defendants at all times treated Plaintiff fairly.

[2] Amazon.com, *Our Workforce Data, available at* https://www.aboutamazon.com/news/workplace/our-workforce-data#:~:text=A%20review%20of%20the%20compensation,earned%20performing%20these%20same%20jobs (last accessed April 16, 2021).

inequality."  Compl. ¶ 62.  That Amazon has an entire business segment dedicated to

Underrepresented Founder Startup Businesses, with Plaintiff as its Head of Business

Development, only further shows Amazon's commitment to dismantling systemic racism,

oppression, and inequality.  Compl. ¶ 277.

Plaintiff first joined Amazon after applying for a role as a "Senior Manager, Financial

Services, Public Policy, AWS." Compl. ¶ 2.  Amazon posted a job requisition for this position in

July 2016.  *See* Job Requisition attached as Exhibit ("Ex.") A to the Declaration of Shereen

Sawyer  ("Sawyer Decl.").[3]  Specifically, Amazon was looking for someone with over 10 years

of experience with federal lobbying and/or commensurate corporate, legislative, or executive

experience to work on its public policy team, which was focused on increasing the adoption of

the utility cloud computing model in the financial sector throughout the Americas (associations,

regulators, federal departments, and other government decision makers).  *Id.*  As the job

requisition makes clear, Amazon expected that a candidate for the Level 7 position of Senior

Manager would not only have a background in the financial sector, but would also have a

background in public policy development pertaining to information technology issues,

particularly cloud computing, so that AWS could advance its public policy and business

objectives in the financial sector and federal government.  *Id.*  Preferably, the candidate would

have a Bachelor's Degree in Political Science, Public Policy, or Engineering.  *Id.*

---

[3] While Plaintiff selectively cites to the job requisition (*see* ¶ 89), she has failed to attach it to her Complaint.  Defendants do so now, and because the terms of the job requisition have been explicitly referenced in the Complaint, the Court can consider this document for purposes of the instant motion to dismiss.  *See Scott v. J.P. Morgan Chase & Co.*, 296 F. Supp. 3d 98, 105 (D.D.C. 2017) (where documents and terms of document are "expressly referenced" in the complaint, the court may consider them on a motion to dismiss without converting to summary judgment).

In October 2016, Plaintiff started interviewing for the Senior Manager position, despite only having approximately 3 years of experience as an Economic Policy Advisor to Senator Booker, and no experience pertaining to IT or cloud computing.  Compl. ¶¶ 75; 85-88.  After meeting with Mr. Block, Plaintiff had a formal interview "loop" with several individuals.  *Id.* ¶ 87.  In November 2016, based on her qualifications and experience, Amazon offered Plaintiff the Level 6 role of Public Policy Manager, which Plaintiff accepted.  *Id.* ¶ 88.  Although Plaintiff alleges that she was "dismayed" and "concerned" to be offered a Level 6 role (*id.* ¶ 91), and that she "accepted after a call with the recruiter voicing her objections and hesitation" (*id.* ¶ 88), there is noticeably no indication in the Complaint that Plaintiff suggested, at the time of the offer or start of her employment, that her hire as a Level 6 employee (instead of a Level 7 employee) was due to her race or her gender.[4]  *See generally id.*  Also conspicuously absent from the Complaint are any allegations that would suggest Plaintiff was hired at a Level 6 employee because of her race or gender and not because she simply did not have the qualifications outlined in the Level 7 job requisition (i.e., "10+ years of experience with federal lobbying and/or commensurate corporate, legislative, or executive branch" to advance AWS' business objectives in the financial sector and federal government).  *See generally id.*

Plaintiff ultimately began employment with Amazon in January 2017 in the Level 6 role. Compl. ¶¶ 10, 33, 84.  Plaintiff was promoted to a Level 7 role effective November 2019, and then was named Head of Underrepresented Founder Startup Business Development in November 2020.  *Id.* ¶ 98.

---

[4] Indeed, even in the written complaint she submitted to Amazon on June 19, 2020 (which is explicitly referred to in the Complaint and therefore incorporated by reference, *see Scott*, 296 F. Supp. 3d at 105), Plaintiff specifically noted that she was hired as Level 6 employee and yet made no suggestion that her employment offer was discriminatory.

On March 1, 2021, Plaintiff filed this action, alleging, *inter alia,* that her hire as a Level 6 employee in November 2016 instead of a Level 7 employee violated Section 1981, the Equal Pay Act, and the DCHRA.  *Id.* ¶¶ 2-4, 7-11, 40.  Plaintiff also asserts that Defendants took various allegedly discriminatory actions against her due to her gender and race, such as failing to promote her (even though she has been promoted) and "denying her the opportunity to work in an employment setting free of unlawful discrimination."  *See* Compl. ¶¶ 283, 294. Absent from the Complaint, however, are any *factual* allegations to support that any actions taken against Plaintiff would not have been taken "but-for" her race.  *See generally id.*  Although Plaintiff peppers her Complaint with conclusory allegations that Black employees and female employees were paid less than their white, male counterparts (*id.* ¶¶ 36, 40, 203-06, 289-90), Plaintiff does not point to any white or male comparator who was performing similar duties to her and yet was paid more.

## LEGAL STANDARD

When presented with a motion to dismiss for failure to state a claim, the court is required to ask whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted); *see also* Fed R. Civ. P. 12(b)(6).  In assessing a motion under Rule 12(b)(6), although "a court must accept as true all of the allegations contained in a complaint," that "tenet" "is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal,* 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss," and "[d]etermining whether a complaint states a

plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.

Although a defense based on the statute of limitations is an affirmative defense, "it is clear that" the defense may be raised via a Rule 12(b)(6) motion "when the facts that give rise to the defense are clear from the face of the complaint."  *Mizell v. SunTrust Bank,* 26 F. Supp. 3d 80, 85 (D.D.C. 2014) (quoting *Derringer v. Emerson,* 729 F. Supp. 2d 286, 289 (D.D.C. 2010); *aff'd,* 435 F. Appx. 4 (D.C. Cir. 2011)); *see also Lewis v. Bayh,* 577 F. Supp. 2d 47, 51 (D.D.C. 2008).[5]

## ARGUMENT

### A.   PLAINTIFF'S SECTION 1981 AND DCHRA CLAIMS BASED ON HER HIRE AS A LEVEL 6 MANAGER ARE TIME-BARRED.

The limitations period for "contract formation claims" under Section 1981 is three years.[6] *See Kargbo v. Nat'l R.R. Passenger Corp.*, 243 F. Supp. 3d 6, 11 (D.D.C. 2017) (claims that "challenge [] non-selection for various positions" "go to the very existence and nature of the employment contract" and thus are subject to a three-year statute of limitations (internal quotation mark, citation and alterations omitted)).  The limitations period for DCHRA claims is

---

[5] Defendants respectfully submit that because they are moving to dismiss some of Plaintiff's claims, their time to respond to the other claims in the Complaint is suspended until a decision has been reached on Defendants' motion to partially dismiss.  *Betz v. First Credit Servs., Inc.*, 139 F. Supp. 3d 451, 456 n.4 (D.D.C. 2015) ("The Court adopts the majority view and finds that First Credit's partial motion to dismiss, which the Court deems to have been timely filed, suspends the time by which it must respond to the entirety of the Complaint pursuant to Rule 12(a) of the Federal Rules of Civil Procedure.")

[6] To the extent Plaintiff argues that her Section 1981 claims concern post-contract formation conduct, entitling her to a statute of limitations of four years, *see Jones v. R.R. Donnelley & Sons Co.,* 541 U.S. 369, 371 (2004), her claim would still be untimely for the reasons set forth below.

even shorter – one year from the date of the allegedly discriminatory act.  D.C. Code § 2-1403.16.

Here, Plaintiff alleges that her purported "de-leveling," which occurred when she was offered a Level 6 (and not a Level 7) job at Amazon in November 2016, was a discriminatory act.  Compl. ¶¶ 4, 9, 88, 163.  That act occurred *over four years* before Plaintiff filed her Complaint on March 1, 2021.  *See* Dkt. 1.  The challenged act therefore falls well outside the statute of limitations for either Section 1981 or DCHRA claims.[7]  The Court should therefore dismiss those claims as untimely.

Defendants anticipate that Plaintiff will attempt to argue that her alleged "de-leveling" was simply one decision in a series of discriminatory actions, and that she is therefore permitted to proceed on those claims pursuant to the "continuing violation" doctrine.  Such an argument would fail.  The alleged "de-leveling" occurred in November 2016 when Plaintiff was offered the Level 6 job.  Offering employment – like terminating employment – is a discrete act, not subject to the "continuing violation" doctrine.  *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002) ("Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice'" and plaintiffs "can only file a charge to cover discrete acts that occurred within the appropriate time period"); *Nurriddin v. Goldin*, 382 F. Supp. 2d 79 (D.D.C. 2005) (holding that multiple claims, including

---

[7] Plaintiff also alleges that she intends to seek leave to amend the Complaint to assert Title VII claims.  Compl. ¶¶ 64-65.  But for a Title VII claim to be timely, a plaintiff must first file a complaint with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the alleged discriminatory act.  *Slate v. Pub. Def. Serv. for the D.C.,* 31 F. Supp. 3d 277, 295 (D.D.C. 2014).  Because Plaintiff admits that she did not file any such complaint within 300 days of Amazon's offer to her of a Level 6 role, any Title VII claim would also be untimely, and any attempt by Plaintiff to amend to include such a claim would be futile.  *Rivers v. Montgomery*, 842 F. Supp. 1, 2 (D.D.C. 1993) (denying leave to amend time-barred claim on grounds of futility).

being hired two grade levels below other employees and being assigned responsibilities not previously assigned to people in his level, were discrete acts of discrimination); *Powell v. Am. Red Cross*, 518 F. Supp. 2d 24, 32 (D.D.C. 2007) ("[R]efusal of the Red Cross to offer her a higher salary for the Staff Health Nurse position" is a discrete act and statute of limitations runs when plaintiff is informed of decision, "even if one of the effects of the decision . . . does not occur until later."); *Patterson v. Johnson*, 391 F. Supp. 2d 140, 146 (D.D.C. 2005), *aff'd,* 505 F.3d 1296 (D.C. Cir. 2007) (holding that "various incidents," including non-selection for promotion, were time-barred as the incidents were "discrete acts, and not 'part of the same unlawful employment practice.'") (citation omitted).

Other courts confirm that employment actions such as "de-leveling" are discrete acts. *See, e.g.*, *Tademe v. Saint Cloud State Univ.*, 328 F.3d 982, 988 (8th Cir. 2003) (claims of discrimination in tenure and promotion were discrete acts that constituted separate employment practices); *City of Hialeah, Fla. v. Rojas*, 311 F.3d 1096, 1102-03 (11th Cir. 2002) (reduced retirement compensation and lesser longevity pay that Hispanic employees received under prior policy of periodically terminating and rehiring Hispanic employees to avoid classifying them as permanent employees was merely present consequence prior discrete acts); *Chisolm v. 7-Eleven, Inc.*, 383 F. Supp. 3d 1032, 1060 (S.D. Cal. 2019), *aff'd,* 814 F. App'x 194 (9th Cir. 2020) ("Plaintiff's non-selection for positions in 2011 and 2013 were isolated employment decisions."); *Blake v. Bronx Lebanon Hosp. Ctr.*, 2003 WL 21910867, at *7 (S.D.N.Y. Aug. 11, 2003) ("[P]laintiff's promotion and salary claims brought after May 20, 1999 are time-barred."); *McCarron v. British Telecom*, 2002 WL 1832843 (E.D. Pa. Aug. 7, 2002) (transfer and

placement in lower level positions that prevented plaintiff from pursuing larger accounts and reduced opportunities for achievement were discrete acts).[8]

In sum, even construing the Complaint generously, Plaintiff had three years from the date she received the Level 6 offer, or until November 2019, to bring a Section 1981 claim based on her alleged "de-leveling," and one year, or until November 2017, to bring a claim under the DCHRA. Because Plaintiff did not file her Complaint until March 2021, her claims are time-barred and should be dismissed with prejudice.

### B. PLAINTIFF HAS NOT ADEQUATELY PLEADED AN EQUAL PAY CLAIM UNDER THE EQUAL PAY ACT, SECTION 1981, OR THE DCHRA.

Plaintiff's claims premised on her alleged receipt of unequal pay based on her race and gender are deficiently pleaded and must be dismissed. Compl. ¶¶ 288-92; *Iqbal*, 556 U.S. at 678; *Twombly,* 550 U.S. at 555.

To state a claim under the Equal Pay Act, Plaintiff must allege that (1) she receives lower pay than a male co-employee (2) for work substantially equal in skill, effort, and responsibility under similar working conditions. *See Perez v. D.C. Dept. of Emp. Servs.*, 305 F. Supp. 3d 51, 56-57 (D.D.C. 2018) (granting motion to dismiss Equal Pay Act claim on the ground that allegations

---

[8] Notably, some circuits hold that the "continuing violation" doctrine does not apply to Section 1981 claims *at all. See, e.g.*, *Kornegay v. Burlington Indus., Inc.,* 803 F.2d 787, 788 (4th Cir. 1986) ("Comparison of Title VII with § 1981 discloses the problem with Kornegay's reliance on the concept of a continuing violation….The difficulty with the district court's reasoning is that it analogized the 180-day period for filing a charge under Title VII to the three-year statute of limitations applicable to § 1981. The correct analogy is between the two-year cap of § 2000e–5(g) and the three-year period of limitation borrowed from state law. Section 1981 has neither a provision for filing charges before bringing suit nor an express cap on back pay similar to that imposed by § 2000e–5(g)….The concept of a continuing violation serves no purpose in a § 1981 discriminatory wage claim."); *Harris v. Allstate Ins. Co.*, 300 F.3d 1183 (10th Cir. 2002) (holding that the continuing violation theory is not applicable to claims arising under federal civil rights statute guaranteeing right to make and enforce contracts).

regarding pay disparity related to plaintiff's race, not gender).[9]  Likewise, "[c]laims of unequal pay under the DCHRA are governed by the standards of the Equal Pay Act." *Hawley v. Blackboard, Inc.*, 2005 WL 513496, at *8 n.1 (D.D.C. Mar. 3, 2005); *George Washington Univ. v. Violand*, 940 A.2d 965, 979 (D.C. 2008) (requiring proof of "equal work" requiring "equal skill, effort, and responsibility" under similar conditions for a DCHRA pay discrimination claim). Finally, to state a claim for race discrimination in pay under Section 1981, Plaintiff must show that she is "a member of a protected class, and that the job [s]he occupied was similar to higher paying jobs occupied by [employees outside her protected class]." *Turner v. Copart, Inc.*, 744 F. App'x 836-37 (4th Cir. 2018) (quotation and citation omitted)).  And as explained below, under *Comcast Corp. v. Nat'l. Assn. of Afr. Am. Owned Media*, 140 S. Ct. 1009 (2020), race must be the "but-for" cause of the discriminatory pay decision to sustain a Section 1981 claim.

Here, all of Plaintiff's pay claims are premised solely on conclusory, generalized allegations about unequal pay, completely devoid of the *facts* necessary to support her claims. Indeed, Plaintiff has failed to support her equal pay claim with any facts at all suggesting that (1) Amazon pays different wages to employees of the opposite sex (for EPA claim) or a different race (for § 1981 claim); (2) that Plaintiff and the unidentified white, male employees with whom she allegedly compares herself perform (as yet unidentified) work substantially equal in skill and effort; and (3) that Plaintiff and the unidentified white, male employees with whom she allegedly

---

[9] Other circuits have characterized the Equal Pay Act pleading standard as "demanding."  *See, e.g., Weinreb v. Xerox Bus. Servs., LLC Health & Welfare Plan*, 323 F. Supp. 3d 501, 519 (S.D.N.Y. 2018), *adhered to on denial of reconsideration sub nom. Weinreb v. Xerox Bus. Servs.*, No. 16-CV-6823-JGK, 2020 WL 4288376 (S.D.N.Y. July 27, 2020) (dismissing Equal Pay Act claim for failure to plead any facts relating to "actual job content or working conditions").

compares herself performed the unidentified work under similar working conditions.  *See generally* Compl.

Plaintiff fails to identify even a single alleged "comparator" throughout her Complaint, relying instead solely on conclusory allegations that white, male employees generally were paid more than black, female employees.  *See* Compl. at ¶¶ 2, 36, 40, 203-06, 289-90 ("Ms. Newman was paid significantly less than her white coworkers").  She does not identify any such white coworkers, nor the alleged roles these unidentified white, male employees occupied, nor how (if at all) those roles were in any way similar to her roles.  *See generally* Compl.  In fact, the Complaint  is devoid of factual support for Plaintiff's conclusory allegations.  She says nothing of the respective experience, seniority, or qualifications of any supposed comparator; she says nothing about the extent of any alleged pay disparity; and she says nothing regarding those unidentified individuals' duties as compared to her own.  *See generally id.*  Courts routinely dismiss pay claims with similar pleading deficiencies.  *See Battle v. Master Sec. Co., LLC*, 298 F. Supp. 3d 250, 253-54 (D.D.C. 2018) (granting motion to dismiss where complaint did not mention a discrepancy in pay based on plaintiff's sex); *McNair v. D.C.*, 213 F. Supp. 3d 81, 88 (D.D.C. 2016) (same, where complaint alleged that plaintiff "'began employment at a lower grade and pay scale than other similarly situated employees,' but fail[ed] to allege that those similarly situated employees were 'members of the opposite sex' as required under even the liberal pleading standard applicable here"); *Greer v. Bd. of Trs. of Univ. of D.C.*, 113 F. Supp. 3d 297, 310-11 (D.D.C. 2015) (citation omitted) (noting that the "unavailability of details"— including whether positions went to others outside the protected class—"does not excuse Plaintiff from alleging, on information and belief if necessary, the general sequence of events and basic facts"); *see also E.E.O.C. v. Port Auth. of New York & New Jersey,* 768 F.3d 247, 256

(2d Cir. 2014) (allegation that "Port Authority paid its female nonsupervisory attorneys less than its male nonsupervisory attorneys for substantially equal work, that the[] attorneys had the same job code, and that the disparity in pay [could] not be attributed to factors other than sex" constituted a "bald recitation of the elements of an EPA claim" that was "plainly insufficient to support a claim") (quotation and citation omitted); *Durand v. Excelsior Care Grp. LLC*, 2020 WL 7246437, at *4 (E.D.N.Y. Dec. 9, 2020) (failure to plead facts describing the alleged comparators' "job duties, responsibilities, the skill and effort required to execute the…positions, or the conditions under which the work was performed" is a fundamental pleading deficiency that warrants dismissal); *Wang v. Gov't Empls. Co*., 2016 WL 11469653, at *7 (E.D.N.Y. Mar. 31, 2016) ("Plaintiff has failed to plausibly allege disparities in pay based on sex" where she "broadly states that 'GEICO has engaged in a widespread, deep rooted racially discriminatory employment practice of paying [her] and other minority female employees less than it pays Caucasian and male employees."). The same result is appropriate here.

In short, Plaintiff's Equal Pay Act, DCHRA, and Section 1981 pay claims lack any factual support indicating that she and any male, white comparators were employed in roles with similar job content, that they worked in similar working conditions, or that they had comparable skill, effort, and experience levels, yet were paid more than her. These claims must be dismissed.

### C.   PLAINTIFF'S SECTION 1981 CLAIM FAILS FOR THE INDEPENDENT REASON THAT SHE HAS NOT ALLEGED THAT BUT-FOR HER RACE, SHE WOULD NOT HAVE SUFFERED DISCRIMINATION.

Finally, any and all claims alleged by Plaintiff under Section 1981, including claims based on alleged "de-leveling," unequal pay or any of the other various acts alleged in the Complaint, fail for the independent reason that Plaintiff has not alleged that, but for her race, she would have been offered a Level 7 job, received higher compensation, been promoted more quickly, or experienced a more "comfortable" employment setting. *See generally* Compl. As

the Supreme Court recently clarified, to bring a Section 1981 claim, Plaintiff "must *initially*

*plead* and ultimately prove that, *but for race*, [she] would not have suffered the loss of a legally

protected right," not just that race played "some role" in the decision-making process. *Comcast*,

140 S. Ct. at 1019 (emphasis added). Here, Plaintiff has failed to allege that "but for" her race

she would have been treated differently, necessitating the dismissal of her Section 1981 claims.

Based on the Supreme Court's holding in *Comcast*, this District recently granted a motion

to dismiss a Section 1981 claim where plaintiffs alleged "a buffet of reasons other than race"

(including their national origin and religion) "that plausibly caused, or contributed to, their

termination." *Adetoro v. King Abdullah Acad*., 2020 WL 7122858, at *4 (D.D.C. Dec. 4,

2020). Given the complaint's inclusion of alleged reasons for the complained-of conduct other

than race, the court held that plaintiffs were unable to meet their burden of proving that "but for

not being of 'Arabic Middle Eastern descent'—they would have remained employed at the

Academy." *Id.*; *see also Nahum v. Spear,* 2021 WL 1158854, at *3 (W.D. Wash. Mar. 26, 2021)

(granting motion to dismiss where "Plaintiff, however, provide[d] no facts to support [] his

conclusory allegation…that Defendants' alleged actions were because Plaintiff was black");

*Whitaker v. City of Hopewell, Virginia,* 2020 WL 7246593, at *7 (E.D. Va. Dec. 9, 2020)

("Whitaker provides a litany of excuses to explain why he thinks the City should not have fired

him for the late CAFRs. He does not, however, provide any evidence that would allow a jury to

find that the City fired him because of his race."); *Ikedilo v. Statter*, 2020 WL 5849049, at *9

(S.D.N.Y. Sept. 30, 2020) ("Plaintiff's allegation that Defendant [] only admitted a few Black

residents during her tenure as Program Director is far too attenuated to support an inference that

Plaintiff's race was the but-for cause of Defendant['s] delay in sending her program

evaluations.").

14

The same reasoning applies here.  Plaintiff alleges throughout that she was "confronted with a systemic pattern of insurmountable discrimination based upon the color of her skin **and her gender**."  *See, e.g.,* Compl. ¶ 1 (emphasis added).  Notably, Plaintiff uses the exact same language in support of her 42 U.S.C. § 1981 claim for race discrimination as her DCHRA claim for race and **gender** discrimination.  *Compare id.* at ¶ 283 (Section 1981) ("paying her less than her comparable and/or similarly situated colleagues in sufficiently similar and/or equivalent positions, failing to hire and/or promote her to an appropriate job level, and denying her the opportunity to work in an employment setting free of unlawful discrimination"), *with id.* ¶ 294 (DCHRA) (same).  Therefore, it is impossible for Plaintiff to say that "but for" her race, she would not have suffered discrimination.  Under *Comcast* and its progeny, Plaintiff has failed to state a claim for discrimination under Section 1981 and all such claims should therefore be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiff's untimely DCHRA and Section 1981 claims, as well as all claims premised on alleged unequal pay, be dismissed with prejudice.[10]  Defendants respectfully request oral argument on this motion.

Dated: Washington, D.C.
   May 3, 2021

        Respectfully submitted,

        MORGAN, LEWIS & BOCKIUS LLP

        By: */s/ Grace E. Speights*
        Grace E. Speights
        D.C. Bar No. 392091

---

[10] Defendants also respectfully request that the Court stay discovery while Defendants' motion is pending, as Defendants' motion, if successful, will be dispositive of all Section 1981 and equal pay claims in the case, and thus would significantly narrow the scope of discovery.  *Sai v. Dep't of Homeland Sec.,* 99 F. Supp. 3d 50, 58 (D.D.C. 2015) ("a stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting time and effort of all concerned, and to make the most efficient use of judicial resources" (internal alterations and quotation marks omitted)).

15

grace.speights@morganlewis.com
Oluwaseun Familoni
D.C. Bar No. 1617820
shay.familoni@morganlewis.com
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004-2541
+1.202.739.3000

Melissa C. Rodriguez (*admitted pro hac vice*)
melissa.rodriguez@morganlewis.com
Ashley J. Hale (*admitted pro hac vice*)
ashley.hale@morganlewis.com
Hanna E. Martin (*pro hac vice pending*)
hanna.martin@morganlewis.com
101 Park Avenue
New York, NY 10178
+1.212.309.6000

*Attorneys for Defendants*