## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHARLOTTE NEWMAN**<br><br>Plaintiff,<br><br>v.<br><br>**AMAZON.COM, INC.,** *et al.*<br><br>Defendants. | **Civil Action No. 1:21-cv-00531 DLF** |

**MEMORANDUM IN SUPPORT OF DEFENDANT ANDRES MAZ'S MOTION TO STRIKE PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS**

## TABLE OF CONTENTS

**I.  INTRODUCTION** ........................................................................................... 1

**II.  ARGUMENT** ............................................................................................. 3

   **A.  The Court should strike Plaintiff's responses to Defendant Maz's Statement of Facts, Paragraphs 1, 4, 9-11, 13-31, 34, 36, 38-39, 41, 44-46, 48-50, 52, 54, 56-58, 60, 63-67, 69, 72-79, 81-83, 85, and 87-88, because Plaintiff failed to provide citations to specific portions of the record.** ........................................................................................... 6

   **B.  The Court should strike Plaintiff's responses to Defendant's Statement of Facts, Paragraphs 5, 9-11, 13-18, 20-31, 36, 38-42, 44, 46, 48-50, 54-58, 60, 62-67, 69, 71-76, 79-83, and 87-88, because they contain improper legal argument, conjecture, speculation, and/or unresponsive narratives.** ........................................................................................... 10

     1.  Plaintiff includes improper narrative legal arguments in her Response ........................ 10

     2.  Plaintiff's Response is filled with improper conjecture, assumptions, and self-serving interpretations of evidence. ........................................................................ 14

     3.  Plaintiff failed to provide concise responses, as required by the Local Rule and the Court's Standing Order. ........................................................................ 15

   **C.  The Court should strike the unresponsive qualifications and explanations of admissions found in Plaintiff's responses to Defendant's Statement of Facts, Paragraphs**

**1-2, 11-13, 17-19, 28, 34, 36-38, 40, 42-45, 48, 51-53, 59-63, 67-72, 78-79, 81, 84-85, 87-88.** ........................................................................................................................ 16

**III.  CONCLUSION** .................................................................................................. 21

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*Colbert v. Chao*
    No. 99-0625 DAR, 2001 U.S. Dist. LEXIS 8266 (D.D.C. June 19, 2001) ........................... 13

*Dodson v. U.S. Capitol Police*
    633 F. Supp. 3d 235 (D.D.C. 2022) ................................................................................... 16

*Gardens v. Central Intelligence Agency*
    637 F.2d 770 (D.C. Cir. 1980) ........................................................................................... 5

*Gibson v. Office of the Architect of the Capitol*
    No. 00-2424, 2002 U.S. Dist. LEXIS 27602 (D.D.C. Nov. 19, 2002) .................................. 15

*Harrell v. PNC*, No. 18-cv-2472 (DLF)
    2022 U.S. Dist. LEXIS 31186 (D.D.C. Feb. 22, 2022), ........................................................ 10

*Herrion v. Children's Hosp. Nat'l Med. Ctr.*
    786 F. Supp. 2d 359 (D.D.C. 2011) .............................................................................. 7, 14

*Himes v. Medstar-Georgetown Univ. Med. Ctr.*
    753 F. Supp. 2d 89 (D.D.C. 2010) ................................................................................... 13

*Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*
    101 F.3d 145 (D.C. Cir. 1996) ................................................................................. passim

*Johnson v. Dist. of Columbia*, No. 17-883 (CKK)
    2019 U.S. Dist. LEXIS 134306 (D.D.C. Aug. 9, 2019) ...................................................... 15

*Lewis v. Mnuchin*
    No. 1:16-cv-02437, 2019 U.S. Dist. LEXIS 2185 (D.D.C. Jan. 7, 2019) ........................ 6, 16

*Louis v. Dist. of Columbia*
    59 F. Supp. 3d 135 (D.D.C. 2014) ..................................................................................... 8

*Tarpley v. Greene*
    684 F.2d 1 (D.C. Cir. 1982) ............................................................................................. 10

*Twist v. Meese*
    854 F.2d 1421 (D.C. Cir. 1988) ......................................................................................... 5

*United States v. BCCI Holdings*
    977 F. Supp. 1 (D.D.C. 1997) ......................................................................................... 13

*Wilkins v. Dist. of Columbia*

No. 17-884, 2019 U.S. Dist. LEXIS 134308 (D.D.C. Aug. 9, 2019) ................................. 7, 15

*Williams v. Court Servs. & Offender Supervision Agency*
110 F. Supp. 3d 111 (D.D.C. 2015) ................................................................................. 10, 16

**RULES**

Fed. R. Civ. P. 56 ................................................................................................................. 3, 4

Local Civil Rule 7(h) ........................................................................................................ 2, 3, 6

## I.     INTRODUCTION

Plaintiff Charlotte Newman's 62-page "Response to Defendant Andres Maz's Statement of Material Facts," ECF No. 82 (hereinafter, "Plaintiff's Response") violates the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Court's Standing Order for Civil Cases (ECF No. 6).   Rather than directly and concisely responding to Defendant Maz's Statement of Material Facts as to which there is no Genuine Dispute (ECF No. 67-2) as she was ordered to do, Plaintiff uses her Response to argue and re-plead virtually every allegation against Mr. Maz. The vast majority of Plaintiff's responses contain improper legal argument, conjecture and speculation, facts and assertions not responsive to Mr. Maz's underlying statements, facts and assertions unsupported by any specific citation to the record, self-serving expository narratives, and improperly qualified admissions.  The Court should strike these responses and deem Defendant's respective statements of fact admitted and undisputed.

In her Response, Plaintiff provides responses to each of Defendant's Statement of Facts. However, Plaintiff fails to "identify [additional facts] in consecutively numbered paragraphs **at the end** of [her] responsive statement of facts" as the Court ordered (Standing Order, ECF No. 6 at ¶5.d.iv. (emphasis in original)), and instead interweaves additional factual assertions throughout her responses, making it impossible for Defendant Maz to file a separate responsive statement of facts in conjunction with his reply brief.  Plaintiff almost entirely fails to provide responses in a "concise" manner, engaging in long-winded and unwieldy narrative arguments that often end up far afield from the underlying statement of fact.  *Id*. at ¶5.d.v.  Plaintiff fills these narratives with conjecture, assumptions, and self-serving and often inaccurate interpretations of record evidence.  Even when Plaintiff admits a fact, she often qualifies her admission with unresponsive narrative explanations.

In the vast majority of her responses, Plaintiff fails to make "specific references to the parts of the record relied upon to support the statement or response" or "**precise citations** to the portions of the record on which they rely." *Id*. at ¶5.d.v–vi. (emphasis in original). Instead, Plaintiff continually directs the Court to other responses scattered throughout her 62-page Response. Or, even worse, Plaintiff fails to provide any citation whatsoever for various factual assertions.

Plaintiff's tactics are thinly veiled attempts to circumvent the page limitation of her Opposition brief, prejudice the Defendant, and mitigate the impact of her admissions. Notwithstanding the purpose behind these tactics, Plaintiff's Response is a flagrant violation of the Federal Rules of Civil Procedure, Local Civil Rule 7(h) and the Court's Standing Order.

For the Court's convenience, Defendant sets forth the chart below enumerating Plaintiff's responses that correspond to each violation.

| Violation | Paragraph |
|---|---|
| Lack of citation to the record | Responses to Paragraphs 1, 4, 9, 10, 11, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 34, 36, 38, 39, 41, 44, 45, 46, 48, 49, 50, 52, 54, 56, 57, 58, 60, 63, 64, 65, 66, 67, 69, 72, 73, 74, 75, 76, 77, 78, 79, 81, 82, 83, 85, 87, and 88 |
| Improper legal argument, conjecture, speculation, and/or unresponsive narratives | Responses to Paragraphs 5, 9, 10, 11, 13, 14, 15, 16, 17, 18, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 36, 38, 39, 40, 41, 42, 44, 46, 48, 49, 50, 54, 55, 56, 57, 58, 60, 62, 63, 64, 65, 66, 67, 69, 71, 72, 73, 74, 75, 76, 79, 80, 81, 82, 83, 87, and 88 |
| Admission with improper qualification or explanation | Responses to Paragraphs Nos. 1, 2, 11, 12, 13, 17, 18, 19, 28, 34, 36, 37, 38, 40, 42, 43, 44, 45, 48, 51, 52, 53, 59, 60, 61, 62, 63, 67, 68, 69, 70, 71, 72, 78, 79, 81, 84, 85, 87, and 88 |

The Court should strike each of the responses enumerated above for their failure to comply with the Local Rules, Federal Rules of Civil Procedure, and the Court's Standing Order, and treat all such underlying facts as admitted and undisputed for the purpose of deciding Defendant Maz's Motion for Summary Judgment (ECF No. 67).

## II.    ARGUMENT

Local Rule 7(h)(1)[1] of the Local Civil Rules of the United States District Court for the District of Columbia is concise and clear.  It provides, in relevant part:

> An opposition to [a motion for summary judgment] shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement. . . . In determining a motion for summary judgment, the Court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.

LCvR 7(h).  Local Rule 7(h) dovetails with Fed. R. Civ. P. 56(c)(1)(A), which provides the following:

> Supporting Factual Positions.  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A)  citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . .

Fed. R. Civ. P. 56(c)(1)(A).  Under Rule 56(e),

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may
>
> (1) give an opportunity to properly support or address the fact;
> (2) consider the fact undisputed for purposes of the motion;

---

[1] Plaintiff states that her Response is filed "[p]ursuant to Local Rule 56.1 of the Local Civil Rules of the United States District Court for the District of Columbia."  ECF No. 82 at 1.  Local Rule 56.1 no longer exists.

> (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or
> (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).

In this Court's Standard Order for Civil Cases, the Court expounded upon Local Rule 7(h) and the applicable Federal Rules of Civil Procedure, going to great lengths to prevent responses of the kind filed by Plaintiff.  The Court ordered the following:

> The party opposing the motion must, in turn, **submit a statement enumerating all material facts that the party contends are genuinely disputed** and thus require trial.  LCvR 7(h)(1).  The parties are strongly encouraged to review *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145 (D.C. Cir. 1996), on the subject of LCvR 7(h).

ECF No. 6 at ¶5.d.i. (emphasis in original).  The Court further ordered the following:

> iii) The party responding to a statement of material facts must (1) restate the movant's statement of undisputed material fact in numbered paragraphs, and (2) immediately following each numbered paragraph state the opponent's response to the stated fact.

> iv) If the responding party has additional facts that are not directly relevant to its response to any specific paragraph, it must identify such facts in consecutively numbered paragraphs **at the end** of its responsive statement of facts . . . .

> v) If an opposition fails to include a separate concise statement of genuine disputed issues, or a response to the movant's statement of facts, or specific references to the parts of the record relied upon to support the statement or response, **the Court may treat as conceded any facts asserted in the movant's statement of facts**.

> vi) The parties must furnish **precise citations** to the portions of the record on which they rely; the Court need not consider materials not specifically identified. Fed. R. Civ. P. 56(c)(1)(A), (c)(3).

*Id*. at ¶5.d.iii–vi (all emphases in original).

*Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145 (D.C. Cir. 1996)—cited by the Court in the Standing Order—is the seminal case in this Circuit concerning

the mandates of Local Rule 7(h).[2]  *Jackson* concerned an appeal from the Court's order of summary judgment after the Court granted the defendant's motion to strike the plaintiff's statement of facts.  The *Jackson* plaintiff filed his statement of material facts in dispute without including citations to the record.  Upon recognizing his error, the plaintiff filed a motion to supplement his Rule 7(h) statement.  The defendant opposed that motion and filed a separate motion to strike the statement.  The trial court, in part, found that the plaintiff's "explanation that his failure to include record citations 'was just an oversight and was not willful' to be 'unsatisfactory especially in light of the court's admonitions that the parties comply with court procedures.'"  *Id.* at 149.  The trial court granted the motion to strike, finding all such facts uncontroverted and thus supporting a grant of summary judgment.  *Id.*  The D.C. Circuit Court of Appeals affirmed the decision of the District Court.

The Court in *Jackson* recognized that "strict compliance with the local rule is justified both by the nature of summary judgment and by the rule's purposes."  *Id.* at 150 (*quoting Gardens v. Central Intelligence Agency*, 637 F.2d 770, 773 (D.C. Cir. 1980)).  "[A] district court should not be obliged to sift through hundreds of pages of depositions, affidavits, and interrogatories in order to make [its] own analysis and determination of what may, or may not, be a genuine issue of material fact."  *Id.* at 151 (*quoting Twist v. Meese*, 854 F.2d 1421, 1425 (D.C. Cir. 1988)).[3]  This kind of "time-consuming labor [] is meant to be avoided through the parties'

---

[2] At the time of the *Jackson* decision, the operative Local Rule governing statements of fact was Rule 108(h), which was nearly identical to the present Rule.

[3] The Court also found "unpersuasive" the plaintiff's "contention that the district court should have relied on the 'relevant facts' section of his opposition memorandum instead of granting the law firm's motion to strike his [Rule 7(h)] statement" as the "relevant facts" section was "[r]eplete with factual allegations not material to Jackson's substantive claims and repeatedly blend[ed] factual assertions with legal argument."  101 F.3d at 153.

observance of Rule [7(h)]." *Id*. at 153.  The Local Rule "places the burden on the parties to focus the court's attention on the salient factual issues in what otherwise may amount to a mountain of exhibits and other materials." *Id*.  The Court found no abuse of discretion in granting the defendant's "motion to strike [plaintiff's] deficient Rule [7(h)] statement." *Id*. at 154.  *See also, e.g.*, *Lewis v. Mnuchin*, No. 1:16-cv-02437, 2019 U.S. Dist. LEXIS 2185, *9 (D.D.C. Jan. 7, 2019) ("A court may strike the non-movant's statement for failure to comply with [Local Rule 7(h)].").

In accordance with Local Rule 7(h), the Court's Standing Order on Civil Cases, Federal Rule of Civil Procedure 56, and *Jackson* and its progeny, the Court should strike the vast majority of Plaintiff's responses to Defendant Maz's Statements of Facts.  This relief is warranted for three reasons.  First, the large majority of Plaintiff's responses fail to provide precise citations to specific portions of the record.  Second, the majority of Plaintiff's responses contain lengthy and discursive legal arguments, conjecture, speculation, and/or unresponsive narratives.  Third, a large number of Plaintiff's responses contain unresponsive qualifications and explanations of admissions.  For those responses the Court strikes pursuant to the instant motion, Defendant respectfully submits that the Court should deem each underlying statement of fact admitted and undisputed.

**A. The Court should strike Plaintiff's responses to Defendant Maz's Statement of Facts, Paragraphs 1, 4, 9-11, 13-31, 34, 36, 38-39, 41, 44-46, 48-50, 52, 54, 56-58, 60, 63-67, 69, 72-79, 81-83, 85, and 87-88, because Plaintiff failed to provide citations to specific portions of the record.**

Perhaps the most flagrant violation of Local Rule 7(h) found throughout Plaintiff's Response is her continual failure to provide precise citations to the portions of the record on which her factual assertions rely.  When "references to the record are lacking" in a statement of fact, "[t]he casualty is the Court's ability 'to maintain docket control and to decide motions for

6

summary judgment efficiently and effectively.'" *Wilkins v. Dist. of Columbia*, No. 17-884, 2019 U.S. Dist. LEXIS 134308, *8 (D.D.C. Aug. 9, 2019) (*quoting Jackson*, 101 F.3d at 150)); *see also Herrion v. Children's Hosp. Nat'l Med. Ctr.*, 786 F. Supp. 2d 359, 362 (D.D.C. 2011) (concluding that the plaintiff "failed to discharge his burden under the Local Rules of this Court" when he disputed Defendants' statements of facts "repeatedly . . . without citing to any competent evidence in the record").

A large number of Plaintiff's responses include statements and assertions without any citation whatsoever. By way of one example, as part of her meandering, eight-sentence response to Statement of Fact ¶65 ("Andres Maz was not intoxicated during the dinner at Zaytinya."), Plaintiff argues:

> By Maz's own testimony, Newman would not have had any way to know he supposedly had a headache that morning (he had not mentioned it to her or anyone else), and the pill emojis alongside an embarrassed emoji and reference to their dinner the night before (at which wine was consumed, with Maz drinking multiple glasses) unmistakably indicates that he was suffering a headache in connection with the previous night's activities—i.e., from drinking. Maz testified that he was not intoxicated and Newman said that he did not appear intoxicated at the dinner—indicating that Maz was very nervous and seeking to lessen his responsibility for a serious trespass against Newman by <u>falsely</u> suggesting that he had too much to drink the night before and was hungover as a result.

ECF No. 82 at ¶65 (emphasis in original). Putting aside the incomprehensibility of these lengthy, compound sentences, Plaintiff makes multiple independent factual assertions without a single citation to the fact record. This blatantly violates Local Rule 7(h) and the Court's Standing Order.

Unfortunately, Plaintiff's response to Statement of Fact ¶65 is not an isolated incident; rather, Plaintiff asserts "facts" without any citation to the record on dozens of occasions. *See, e.g.*, ECF No. 82 at ¶16 (stating without citation: "Subject matter experts in AWS Public Policy like Newman were fully expected to cooperate with team leaders who tapped them to work on

projects with them and their teams, and such assignments were not voluntary and discretionary, but considered compulsory part of their jobs."); *Id*. at ¶23 (stating without citation: "[T]his discussion of Maz's blocking of Newman's candidate to suite his Latin America team . . . also had a direct negative impact on Kellogg's views of Newman, and engendered or dredged up further unlawful animus against her."); *Id.* at ¶49 (stating without citation: "Maz's actions against Newman, including but not limited to his assaults on, harassment of, and statements to Newman in January 2018 in Washington, DC and in September 2019 in Seattle, Washington, demonstrate that he had sexual intentions towards Newman, which apparently also were at work when he called Newman 'beautiful' in October 2017."); *Id*. at ¶73 (suggesting, without citation: "It appears that Maz also may be conflating his time with Newman and Foster . . . Indeed, the incident between Maz and Foster also has parallels to Maz's assault on Newman in January 2018, complete with next-day apology.").   When Plaintiff makes a factual assertion without citing to a specific portion of the fact record—as she does throughout her Response—she fails to adequately dispute the underlying statement of fact.  *See, e.g.*, *Louis v. Dist. of Columbia*, 59 F. Supp. 3d 135 at n.4 (D.D.C. 2014) ("Plaintiff cannot render this fact 'disputed' merely by labelling it so . . . [but] must 'point[] to 'affirmative evidence' showing disputed material facts.'") (*quoting Jackson*, 101 F.3d at 150).  All of Plaintiff's responses without citation are wholly improper and should be stricken.

Beyond the factual assertions that fail to provide any citation whatsoever, a large number of Plaintiff's responses contain statements that, rather than cite a specific portion of the record, instead refer the Court to *other* responses.  Digging deeper, some of the responses to which the Court is referred in turn refer the Court to yet *additional* responses.  In an egregious example, Plaintiff responds to Statement of Fact ¶9, in relevant part:

> With regard to Maz and Newman, Kellogg directed Newman to follow Maz's orders and directions regarding her Latin America work, and Kellogg frequently discussed Newman's job performance with Maz and based decisions regarding Newman's employment on his feedback, including whether to delay her promotion to L7, making Maz's feedback and supervisory directions a direct factor in the terms and conditions of Newman's employment, including the timing of Newman's promotion to L7. See responses to ¶¶ 5, 17-39.

ECF No. 82 at ¶9.  In other words, Plaintiff sets out numerous "facts" in a lengthy run-on sentence, and in providing a "citation" for these multiple facts, directs the Court to *twenty-four (24) other responses*.  Out of the 24 responses to which the Court is directed, sixteen (16) refer the Court to yet additional responses.  The number of those 16 responses refer the Court to yet additional responses, and so on.  Plaintiff apparently expects the Court to cross-reference dozens of responses, playing a maddening game of connect-the-dots, in order to locate and identify the supporting portions of the record.  Beyond the blatant violation of the Local Rules and the Court's Standing Order, this tactic disregards the Court's time and resources, as well as that of the other parties and litigants.

Again, this is not an isolated incident.  *See also, e.g.*, ECF No. 82 at ¶12 (directing the Court to "responses to ¶¶10, 11, 17-39," i.e., twenty-three (23) other responses); *Id.* at ¶5 (directing the Court to "responses to ¶¶ 17-18, 20-39," i.e., twenty-two (22) other responses); *Id.* at ¶25 (directing the Court to "responses to ¶¶ 18-39," i.e., twenty-one (21) other responses); *Id.* at ¶4 (in an improperly qualified admission, directing the Court to "responses to Paragraphs ¶¶ 5, 9, 15, 17-27," i.e., fourteen (14) other responses); *Id.* at ¶52 (in an improperly qualified admission, directing the Court to "responses to Paragraphs 56-62," i.e., seven (7) other responses); *Id.* at ¶78 (directing the Court to "responses to ¶¶ 79-83," i.e., five (5) other responses); *Id.* at ¶83 (directing the Court to "responses to ¶¶ 79-82," i.e., four (4) other responses).

Plaintiff's Response affronts the Court's time and resources and impedes the purpose of Rule 7(h), which is to allow the Court "to maintain docket control and to decide motions for summary judgment efficiently and effectively." *Jackson*, 101 F.3d at 150; *see also Williams v. Court Servs. & Offender Supervision Agency*, 110 F. Supp. 3d 111, 115 (D.D.C. 2015) (stating that the plaintiff's statement of facts was "so deficient as to impede effective review by this Court"). All responses that fail to provide precise citations to the record, as the parties were expressly *ordered* to do, should be stricken, and the underlying statements of facts should be deemed admitted.

**B. The Court should strike Plaintiff's responses to Defendant's Statement of Facts, Paragraphs 5, 9-11, 13-18, 20-31, 36, 38-42, 44, 46, 48-50, 54-58, 60, 62-67, 69, 71-76, 79-83, and 87-88, because they contain improper legal argument, conjecture, speculation, and/or unresponsive narratives.**

In an apparent attempt to circumvent the page limitation of her Opposition brief, Plaintiff's Response is a hodgepodge of legal argument, conjecture and speculation, and lengthy narrative discussions immaterial to the underlying statement of fact. All such responses are improper and should be stricken.

1. <u>Plaintiff includes improper narrative legal arguments in her Response.</u>

In *Harrell v. PNC Fin. Servs. Grp., Inc.*, No. 18-cv-2472 (DLF), 2022 U.S. Dist. LEXIS 31186 (D.D.C. Feb. 22, 2022), this Court noted "the plaintiff's repeated failure to comply with the local rules" in its responses to the defendant's statement of material facts. *Id*. at *2. There, "the plaintiff [had] repeatedly purported to dispute a fact by providing either legal commentary, which does not belong in a Rule 7(h) statement, or facts that are not responsive to defendant's statement." *Id*. at *3. This Court recognized that "[i]n opposing the movant's statement of facts, the nonmovant must 'specifically controvert' the facts introduced by the defendant." *Id*. (*quoting Tarpley v. Greene*, 684 F.2d 1, 7 (D.C. Cir. 1982)). "Providing legal commentary and

related, but non-responsive, facts does not meet that requirement." *Id*. Accordingly, this Court

held that all such facts would be deemed admitted. The Court should do the same here.

While there are myriad examples of Plaintiff's use of unrelated narrative argument

throughout her Response, Defendant provides a few such examples herein. In response to

Defendant's Statement of Fact ¶21 ("Mr. Maz did not hold up or otherwise negatively affect the

timing of Ms. Newman's promotion."), Plaintiff asserts, without any citation to the record:

> In addition, Maz cannot show beyond factual dispute that his input somehow
> positively affected the pace of Newman's promotion or made it happen sooner
> than it otherwise would have, and he did in fact provide criticisms and negative
> feedback regarding Newman, contrary to his denials, further calling this fact and
> assertion into question and dispute.

ECF No. 82 at ¶21. This is not a factual assertion. It is a legal argument that should be reserved

for Plaintiff's Opposition brief.

Similarly, in response to Statement of Fact ¶44 ("In this letter, Ms. Newman complained

that Mr. Maz gave her a notebook that was decorated with stickers by his young daughters,

which she asserted was an 'odd gesture.'"), Plaintiff makes a legal argument as to Mr. Maz's

intent, going so far as to use quotation marks without even citing to the record, and further makes

a legally dubious argument that the deposition questions asked of her were somehow "improper"

because they went to Mr. Maz's intent:

> This testimony by Newman, among other testimony and evidence, show that
> Newman fully understood Maz's intent to be engaging in conduct of a sexual/
> "romantic" nature towards her in connection with his various harassing and
> assaultive conduct, despite Defendant Maz's contentions otherwise based on
> Newman's responses to improper questions regarding the ultimate legal issue of
> Maz's subjective intent.

*Id*. at ¶44. Again, such an argument—especially given its sheer lack of any evidentiary

support—has no place in a statement of fact. *See also, e.g.*, *id*. at ¶¶49, 50 (making similar legal

arguments concerning Mr. Maz's intent).

By way of another example, in the response to Defendant's Statement of Fact ¶10 ("Ms. Newman assisted in certain projects and provide periodic subject matter expertise to the Latin America Public Policy team, as did subject matter experts in a variety of sectors, including procurement, energy, and global tax policy."), Plaintiff argues, again without citing to the record:

> Emails like this one displayed Maz's senior status in his work relationship with Newman, and that he was indeed in a position not only to evaluate and provide feedback on her work, but that senior executives in Public Policy relied on his perspective regarding Newman.

ECF No. 82 at ¶10.  This is not a statement of fact.  It is, instead, a self-serving argument and interpretation of a document, better suited for a closing argument at trial.  Later in that same response, Plaintiff again states without citation to the record:

> The fact that Kellogg also knew that the first direct report of Newman, who ostensibly was the Head of Financial Services, would be hired to do and support Latin America work demonstrates that a majority of Newman's work was focused on that region, which was governed by Maz in Public Policy.

*Id*.  For the same reasons, this statement is improper and should be stricken.

By way of one more example, in response to Statement of Fact ¶14 ("Mr. Maz did not and could not assign work to Ms. Newman."), Plaintiff states without citation to the record: "[c]onspicuously, Kellogg does not mention that Newman would be included or consulted in such discussions about her assignments—she clearly was not."  *Id*. at ¶14.  Putting aside the factual fallacy of that assertion, it is not remotely responsive to Defendant's underlying statement of fact.  Rather, it is an argument that should be asserted in Plaintiff's Opposition brief, or alternatively, as a separate enumerated genuine issue of disputed fact as the Local Rules require.

Plaintiff's Response contains dozens of these narrative arguments.  *See also, e.g.*, ECF No. 82 at ¶22 (arguing that "Maz acted towards Newman in a manner seemingly based upon gender assumptions when undermining Newman's judgment calls and overriding her . . ."); *Id*. at

¶ 23 ("[T]here is a material factual dispute of this discussion and hiring process, showing the continuation of interference and perpetuation by Maz of a hostile work environment for Newman well into 2020."); *Id*. at ¶21 ("Maz also cannot show and has not produced any evidence that he ever advocated to Kellogg or others for Newman <u>to be promoted</u> earlier, before Kellogg had finally started the process, or that she be paid higher compensation.") (emphasis in original); *Id*. at ¶ 26 (arguing that Plaintiff's promotion and compensation were "hurt . . . due to discrimination and assault"); *Id*. at ¶41 (engaging in a paragraph-long soliloquy about the testimony of fact witness Erica McCann, which has *nothing to do* with the underlying statement); *Id*. at ¶83 (arguing, without citation to the record, that Mr. Maz's "assertions of a lack of any sexual or romantic intent cannot be taken at face value").

Arguments of this kind do not create genuine issues of fact, have no place in a statement of facts, and should be stricken. *See Colbert v. Chao*, No. 99-0625 DAR, 2001 U.S. Dist. LEXIS 8266, *20 (D.D.C. June 19, 2001) (recognizing that "'legal conclusions 'cloaked' as facts are not sufficient to create a genuine issue of material fact[,]' and that the parties 'are obligated, pursuant to Local Rule [7(h)], to identify the material facts and point to evidence of record that supports their respective positions.'") (*quoting United States v. BCCI Holdings*, 977 F. Supp. 1, 6 (D.D.C. 1997)); *see also Himes v. Medstar-Georgetown Univ. Med. Ctr*., 753 F. Supp. 2d 89 at n.1 (D.D.C. 2010) (holding that "the facts identified in Defendants' Statement are admitted" when the plaintiff failed to "comply with Rule 7(h)" because plaintiff did "not explicitly controvert any of the facts identified in Defendants' Statement and instead set[] forth an opposing factual narrative").

13

2. <u>Plaintiff's Response is filled with improper conjecture, assumptions, and self-serving interpretations of evidence</u>.

Plaintiff's Response is riddled with self-serving conjecture, color commentary, and subjective (and often inaccurate) interpretations of record evidence, all of which are improper in a response to a statement of facts.  For example, in Plaintiff's response to Statement of Fact ¶20 ("Mr. Maz and Ms. Newman were considered 'peers' in the AWS Public Policy organizational structure."), Plaintiff argues that Shannon Kellogg's testimony that personnel in his Public Policy organization, including Andres Maz and Charlotte Newman, were peers is "implausibl[e]."  ECF No. 82 at ¶20.  This kind of self-serving assumption has no place in a statement of facts, and unfortunately is found throughout Plaintiff's Response. *See also, e.g.*, *id*. at ¶ 23 (arguing that Maz's feedback to Kellogg "inevitably" impacted Plaintiff's performance rating); *Id.* at ¶25 (arguing that Maz, Kellogg, and Block were "by far" the most important people in determining Plaintiff's performance rating); *Id*. at ¶30 (arguing that it was "implausible" that Mr. Maz only provided positive feedback about Ms. Newman's job performance); *Id*. at ¶38 (arguing that Mr. Maz "sound[ed] very much like a supervisor" of Ms. Newman); *Id*. at ¶50 (arguing that Defendant's contentions are "disingenuous"); *Id*. at ¶54 (referring to Mr. Maz's comments to Newman as "strange and over the top"); *Id*. at ¶60 (arguing what Aisen Etcheverry's account to an investigator "seemingly suggested" despite her clear statement to the contrary); *Id*. at ¶63 (referring to Mr. Maz's text message to Ms. Newman as a "suspect non sequitur"); *Id*. at ¶66 (referring to Mr. Maz's testimony as "odd[]"); *Id*. at ¶81 (characterizing Mr. Maz's recollection of events as "incomplete and unreliable").

These subjective and unresponsive interpretations of evidence do not controvert the underlying statements of fact, are improper, and should be stricken.  *See, e.g*., *Herrion*, 786 at 362 (holding that the plaintiff violated the Local Rules when he characterized factual matters as

"irrelevant and immaterial" which was "patently insufficient to controvert the truth of the matters identified"); *Gibson v. Office of the Architect of the Capitol*, No. 00-2424, 2002 U.S. Dist. LEXIS 27602, *1 (D.D.C. Nov. 19, 2002) ("Such excess, unresponsive verbiage is a clear violation of both the letter and the spirit of Local Rule [7(h)].").

3.  <u>Plaintiff failed to provide concise responses, as required by the Local Rule and the Court's Standing Order.</u>

Finally, the sheer length of Plaintiff's Response fails to comport with Local Rule 7(h) and the Court's Standing Order on Civil Cases.  Out of Plaintiff's 88 responses, twenty-one (21) contain multiple paragraphs.  Eighteen (18) responses exceed a page in length.  The large majority of Plaintiff's responses contain multiple discrete factual assertions.  The length of Plaintiff's Response disregards the Local Rule and the Court's Standing Order, as well as the Court's time and resources.

In *Wilkins*, cited and briefly discussed *supra*, the Court granted the defendant's motion to strike the plaintiff's statement of facts.  In support, the *Wilkins* Court found that "Plaintiff's Statement is not concise."  2019 U.S. Dist. LEXIS 134308 at *10.  The Court cited one paragraph that contained "more than seven lines of run-on text with numerous factual assertions" and another that contained "six sentences with numerous factual assertions"—descriptions that, while certainly in violation of Local Rule 7(h), pale in comparison to many of Plaintiff's responses here.  *Id.* at *10–11; *see also Johnson v. Dist. of Columbia*, No. 17-883 (CKK), 2019 U.S. Dist. LEXIS 134306, *9 (D.D.C. Aug. 9, 2019) (finding that plaintiff's statement of facts violated Local Rule 7(h) when "the Statement contains a total of 78 numbered paragraphs, some of which actually contain multiple paragraphs" including a four-paragraph statement and a statement containing "11 separate bullet points").  As here, the *Wilkins* plaintiff incorporated legal argument and unresponsive facts, violating the Local Rule and the Court's previous

admonishments. *Id.* at *11; *see also Dodson v. U.S. Capitol Police*, 633 F. Supp. 3d 235, 242 (D.D.C. 2022) (considering the defendant's facts admitted when the plaintiff did not "set forth a *concise* statement of genuine issues" of fact, but rather used "his responses to *supplement* Defendant's statement of facts in lengthy form") (emphasis in original).

In sum, Plaintiff's narrative responses, replete with speculation, conjecture, argument, and one-sided characterizations, are inappropriate and in violation of Local Rule 7(h) and should be stricken. *See Williams*, 110 F. Supp. 3d at 115 (holding that Plaintiff's 86-page statement of facts violated Local Rule 7(h) because, *inter alia*, they were "replete with argument, speculation, conjecture, and assumptions" and often "describe[e] in lengthy detail the contextual and structural background surrounding Defendant's stated facts") (*quoting Jackson*, 101 F.3d at 153). Each of Defendant Maz's statements of fact to which Plaintiff responded in this improper manner should be deemed admitted for the purpose of resolving Defendant's motion for summary judgment.

**C. The Court should strike the unresponsive qualifications and explanations of admissions found in Plaintiff's responses to Defendant's Statement of Facts, Paragraphs 1-2, 11-13, 17-19, 28, 34, 36-38, 40, 42-45, 48, 51-53, 59-63, 67-72, 78-79, 81, 84-85, 87-88.**

Plaintiff violates the Local Rules of this Court and the Court's Standing Order when she—continuously throughout her responses—adds qualifications and unwieldy and often incongruous explanations to her admissions. Plaintiff also *partially* disputes certain of Defendant Maz's Statements, leaving remaining portions unaddressed. The result is that the Court and parties are unable to determine whether Plaintiff explicitly admits or denies a number of the material facts set forth by Defendant Maz. This violates Local Rule 7(h) and is grounds for striking all such responses in violation and deeming all such underlying facts admitted. *See Lewis*, 2019 U.S. Dist. LEXIS at *9–10 (finding that the plaintiff's "Statement of Facts does not

explicitly admit or deny the material facts identified by the Secretary" and "to the extent that her

Statement does not explicitly deny or controvert a material fact contained within the Secretary's

Statement, the Court will treat that fact as conceded").

For example, in response to Mr. Maz's Statement of Fact ¶ 69 ("Ms. Newman attended a

holiday party at Mr. Maz's home in December 2018"), Plaintiff argued the following:

> Admit, and further state that this demonstrates that Maz's home is large enough to
> accommodate a work event party, and therefore he presumably could also host
> one or more overnight visitors at once, including (in the event of a sexual
> encounter) in his own bedroom. Newman attended a Christmas party at Maz's
> home with most of the Latin America Pubic Policy team because her absence
> would have been conspicuous, and she did not want to undermine her career by
> failing to go to business events or meals where others were present. Pearson Decl.
> Ex. P1 at 153:3-154:20. In addition, any suggestion that Newman was
> comfortable with Maz and being in his home is belied by the facts that, not only
> was this a work event where Newman's absence would be noted, there were
> approximately 18 to 20 other guests at the December 2018 or 2019 event. Pearson
> Decl. Ex. P3 at 144:24-145:19. Newman never socialized with Maz outside of
> work events where other team members were present as part of her job function or
> duties, particularly after the January 18, 2018 assault. Pearson Decl. Ex. P1 at
> 142:11-143:7, 149:16-22.

ECF No. 82 at ¶69.  Plaintiff's unfounded discussion about the size of Mr. Maz's home should

not be disregarded simply because it is bizarre.  Rather, it represents a nefarious attempt to insert

a legal argument, neutralize a fact that is harmful to Plaintiff's case, and otherwise distract the

Court from a clear admission of fact.  The remainder of Plaintiff's response to Statement of Fact

¶69 is off-point, contains inaccurate and self-serving descriptions of evidence, and otherwise

does not respond to the underlying statement of fact, which is a simple and incontrovertible

statement concerning Ms. Newman's attendance at an event.

By way of another example, Statement of Fact ¶17 states, simply: "Mr. Maz could not

fire Ms. Newman."  ECF No. 62-2 at ¶17.  In response, Plaintiff stated:

> Admit that Maz did not have sole personal authority to fire Newman. Dispute that
> Maz had no authority to seek Newman's termination. Ex. P2 at 75:11-21 (Maz

> could initiate a process to fire Newman and exercised substantial control over
> Newman, including who she could hire). Further dispute any implication that any
> and all employees who act in a supervisory capacity towards an employee would
> have the authority to terminate the employment of those employees, and state that
> Maz had substantial influence over and input into the impressions of Kellogg
> (who did have such authority) regarding Newman's performance, as Newman was
> working so heavily with Maz and did only a relatively small portion of her work
> directly with Kellogg. See responses to ¶¶ 18-39.

ECF No. 82 at ¶17; *see also id.* at ¶18 (containing a similar qualification and narrative

explanation).   Everything after the word "Admit" is an improper qualification and explanation—

not directed at the underlying statement of fact—and should be stricken.  Mr. Maz's underlying

statement does not discuss whether he could "seek Newman's termination" (whatever that

means) nor does it bear on Maz's influence into Shannon Kellogg's impressions of Ms. Newman

or the nature of Ms. Newman's workload.  If Plaintiff wished to assert that it was a genuine issue

of material fact whether Maz had "authority to seek Newman's termination" or anything of the

sort, she was required to provide this statement in a separately numbered paragraph after

responding to Defendant Maz's statements of fact, to which Defendant Maz could then reply.

She failed to do so.

In response to Statement of Fact ¶ 62 ("Ms. Newman does not recall the words Mr. Maz

said to her before they departed the restaurant."), Plaintiff admits that she "does not recall the

exact words used by Maz at this time."  *Id.* at ¶62.  But she does not stop there.  Instead, she

attempts to qualify this admission with a series of improper characterizations of her deposition

testimony:

> Regardless of his exact words, he was unmistakably "trying to get me to go home
> with him for the evening." Pearson Decl. Ex. P1 at 127:15-19. Maz sounded
> petulant, and Newman understood him to be trying to get her to go home with him
> to have sex, with Maz's sexual intent was completely clear to her. Id. at 127:20-
> 128:22. Maz specifically asked Newman to go home with him, and that she have
> sex with him, although Newman forthrightly testified that she did not recall his
> exact words, nor did her Complaint ever provide any exact words by Maz for this

> portion of her allegations. Id. at 129:4-16; Pearson Decl. Ex. P104 (Jan. 26, 2018 email from Newman to friend Diana Banks, in which Newman states that Maz "when dinner finished he asked/begged me to go home with him;" AMZN_0000083).

*Id.* at ¶62. These qualifications do not change Plaintiff's admission; they only add to the time and resources required of the Court to locate the various off-point references set forth in this paragraph.

By way of one more example, in response to Statement of Fact ¶ 28 ("Maz frequently told Shannon Kellogg that Ms. Newman was doing a great job and regularly provided positive feedback about Ms. Newman's work in the presence of Mr. Kellogg and others."), Plaintiff stated:

> Admit that Maz also provided positive feedback to Kellogg regarding Newman, which serves to place in dispute many of Defendant Maz's other "undisputed" statements regarding his lack of feedback to and influence on Kellogg regarding Newman, by demonstrating Maz's senior position in relation to Newman, as well as his influence over Kellogg's perceptions of Newman and her work. Further state that Kellogg admitted that Maz worked with Newman on Latin America responsibilities and that he led the Latin America team, as well as that in the Latin America region at the time, "there were a lot of countries who were formulating, developing new financial services regulatory frameworks." Pearson Decl. Ex. P4 at 42:6-11, 46:24-47:15 (though demurring on whether Maz and Newman therefore worked together "frequently"). Kellogg did admit that Maz would "frequently" say Newman "was doing a great job"—showing that they did in fact have frequent discussions of Newman's work and performance. Id. at 48:3-5.

ECF No. 82 at ¶28.  Everything after the word "Admit" is not responsive to the underlying statement of fact and should be stricken.

Plaintiff also provides partial disputes, without addressing the remaining portion of a given statement of fact.  For example, in response to Statement of Fact ¶63 ("Mr. Maz's young daughters were at his home, and they had a friend staying with them that night, so Mr. Maz needed to go home directly after dinner."), Plaintiff states the following:

19

> Disputed to the extent that Maz maintains that he necessarily "needed to go home
> directly after dinner" due to having his daughters at his home, which does not
> foreclose or place beyond dispute any of his other alleged actions.

ECF No. 82 at ¶63.  Plaintiff then inserts an improper argument, asserting that the statement is

"contradicted or undermined by his own testimony."  *Id.*  In this narrative response, Plaintiff fails

to identify whether she admits the remaining portion of the statement of fact, i.e., that Mr. Maz's

young daughters were at his home with a friend staying with them.  That part of the underlying

statement of fact remains unaddressed and therefore uncontroverted.

In another example, in response to Statement of Fact ¶67 ("[Mr.] Maz and [Ms.] Newman

continued a working relationship together after the Zaytinya dinner, including traveling together

and engaging in projects and meetings in connection with the Latin America Public Policy

team."), Plaintiff stated, *inter alia*, the following:

> Admit that Newman continued to report to Maz after his sexual assault on her.
> [citation omitted].  However, dispute that Maz and Newman traveled "together,"
> as Newman went out of her way to avoid Maz and travel separately from him
> (different flights, hotels) after his January 18, 2018 sexual assault on her.  See
> response to ¶ 70

ECF No. 82 at ¶67.  The remainder of Plaintiff's response is a typically unresponsive legal

argument that does not bear on the underlying statement of fact.  This response is deficient.

First, Plaintiff's "admission" does not comport with the underlying statement of fact, which has

nothing to do with a reporting relationship between Ms. Newman and Mr. Maz.  So the

admission itself is off-point and not responsive.  The dispute, on the other hand, only bears on

whether Ms. Newman and Mr. Maz traveled together.  The remaining portions of the underlying

statement of fact—whether Mr. Maz and Ms. Newman continued a working relationship,

engaged in projects together, and engaged in meetings together after the Zaytinya dinner—is not

met with any response whatsoever.

This response, and those similar to it, are unresponsive and improper and should be stricken.  The underlying statements of fact met with these deficient responses should be deemed fully admitted.

## III.    CONCLUSION

For the reasons set forth above, the Court should grant Defendant Andres' Maz's Motion to Strike Plaintiff's Responses to Defendant Maz's Statement of Material Facts.

Respectfully submitted,

JOSEPH, GREENWALD & LAAKE, P.A.

/s/  *Drew LaFramboise*
Jay P. Holland (No. 422258)
Drew LaFramboise (No. 1018140)
6404 Ivy Ln., Ste. 400
Greenbelt, MD 20770
(301) 220-2200
jholland@jgllaw.com
mshinnar@jgllaw.com
dlaframboise@jgllaw.com

*Counsel for Defendant Andres Maz*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 7th day of June, 2024, a true and accurate copy of the foregoing, including all documents attached thereto, was served on all counsel of record through the Court's CM/ECF system.

/s/ *Drew LaFramboise*
Drew LaFramboise